UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JON F. CRAWN,                                                     06 CIV 1837 (CM)

       Plaintiff,

                                                                         **COMPLAINT**

-vs-

MORRIS AREA GIRL SCOUT COUNCIL,                                   **JURY TRIAL DEMANDED**

       Defendant.                                                 ECF Case
-----------------------------------------------------------------X

## PARTIES

1. Plaintiff Jon Crawn is a 41 year old man who lives in Sparrowbush, New York.

2. Defendant Morris Area Girl Scout Council maintains its principal office in Randolph, New Jersey. Defendant operates Mogisca Camp in Glen Spey, New York.

## JURISDICTION AND VENUE

3. As plaintiff sues under the Age Discrimination in Employment Act, this Court has jurisdiction under that Federal statute and 28 U.S.C. § 1331 and 1343(3)&(4).

4. On or about August 24, 2005, plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission. As plaintiff received the Notice of Right to Sue letter on March 2, 2006, this Court has jurisdiction over the Age Discrimination in Employment Claim.

5. As the state law claim arises from the common nucleus of operative facts as the federal claim, this Court has subject matter jurisdiction over it pursuant to 42 U.S.C. § 1367.

6. The events giving rise to this case arose in Sullivan County, within this Judicial

district.

## FACTUAL AVERMENTS

7. In or about late March 2005, plaintiff contacted defendant after viewing a newspaper advertisement for an open position at its Mogisca Camp in Glen Spey, Sullivan County, New York.  Camp Mogisca is run by the Morris Area Girl Scout Council, headquartered in Randolph, New Jersey.

8. In late March 2005, plaintiff interviewed for the maintenance/caretaker position with Gary McAfee, Camp Supervisor.  This interview took place at Camp Mogisca.  McAfee said that the job entailed maintenance and groundskeeping duties.

9. The full-time position paid $10 per hour plus various benefits including full health benefits and the opportunity to live in a house without charge.

10. Plaintiff was qualified for the maintenance/caretaker position in that he has undertaken physically demanding job assignments for years and he is physically fit.

11. However, McAfee next wrote plaintiff a letter stating that he had been denied the position.  Post-marked April 4, 2005, this letter made it clear that plaintiff was denied the position on account of his age:

> Dear Jon:
>
> Enclosed is the application you requested.  Although I went with a younger guy to alleviate me of some of the physical aspects of my job, please fill it out when you get a chance and send it back to me, so I can put it on file.  Who knows, I could injure myself, die or say the hell with it and quit tomorrow and they would look for an older guy to manage things! Weirder things have happened.  Good seeing you again.

Sincerely, Gary

12. Defendant hired a 23 year-old named Adam instead of hiring plaintiff.

13. Defendant intentionally, wilfully and maliciously discriminated against plaintiff on account of his age.

14. As a result of the age discrimination described above, plaintiff lost back pay, benefits, future lost income and suffered physical and emotional pain and suffering.

**CAUSES OF ACTION**

15. Plaintiff incorporates ¶¶ 1-14 as if fully re-stated herein.

16. In denying plaintiff a position because of his age, defendant violated the Age Discrimination in Employment Act and the New York State Human Rights Law.

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this case;

c. award plaintiff compensatory damages to redress his pain and suffering and lost income;

d. award plaintiff punitive damages on his Federal claim;

e. award plaintiff his reasonable attorneys' fees and costs; and

f. award plaintiff such other relief deemed just and proper.

Dated: March 7, 2006

                                        Respectfully submitted,

                                        S/_____
                                          STEPHEN BERGSTEIN

                                      BERGSTEIN & ULLRICH, LLP
                                                15 Railroad Avenue
                                           Chester, New York 10918
                                                    (845) 469-1277
                                                Counsel for plaintiff